UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FREDERICK LOUIS WARD             )
                                 )
        Plaintiff,               )   3:09-cv-00007-RCJ-VPC
  v.                             )
                                 )   **ORDER**
CITY OF SPARKS, *et al.*         )
                                 )   October 13, 2010
        Defendants.              )
_____  )

        Before the court is plaintiff's amended complaint (#73), and defendant Gail Singletary's opposition (#78), defendant City of Sparks motion for a more definite statement(#77), and defendant Juan Gomez's motion to strike or in the alternative motion to confirm dismissal (#79). Plaintiff opposed defendant Juan Gomez's motion (#85). One day prior to filing his amended complaint, plaintiff also filed a motion requesting a waiver of service (#71) and a motion for leave to file excess pages (#72). Defendants did not oppose these motions. Plaintiff filed an additional request for waiver of service (#75) a few days after his initial motion requesting waiver of service. Defendants did not oppose. Approximately three weeks after filing the amended complaint (#73), plaintiff filed a motion to amend his complaint accompanied by a copy of earlier filed amended complaint (#80). Defendant City of Sparks (#82) and defendant Juan Gomez (#83) opposed. Plaintiff replied (#84) explaining that he intended this motion to amend (#80) to be an opposition to defendant Juan Gomez's motion to dismiss (#79). Plaintiff filed yet another amended complaint a few weeks later (#86). This pleading is stricken, as plaintiff earlier filed his amended complaint (#73). Plaintiff does not have leave to file serial amended complaints; therefore the July 30, 2010 amended complaint is deemed the operative pleading.

        Additionally, plaintiff filed a motion styled, "Order Directing the City of Sparks, Nevada and the County of Washoe, Nevada to Have a Forensic Analyst Perform a Sensitive Analysis, for a Statistical Circumstantial Analysis, Discrimination and Medical Care" (#68). Defendant Sparks Police Department (#69) and defendants Gomez and Washoe County Sheriff's Detention Facility

(#74) opposed.

The court has thoroughly reviewed the motions and finds that plaintiff's amended complaint (#73) is denied with leave to amend one *final* time as set forth below. Plaintiff's additional amended complaint (#86) is stricken. Plaintiff's remaining motions (#68, 71, 72, 75, 80) are denied as moot. Defendants' motions (#77, 79) are also denied as moot.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Frederick Louis Ward ("plaintiff"), a *pro se* litigant, brings his complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations during his arrest by Sparks Police Department officers and subsequent detention at Washoe County Sheriff's Detention Facility (#6).

Plaintiff claims that on January 6, 2007, an officer of the Sparks Police Department used excessive force in his arrest. *Id.* at 2. Specifically, plaintiff alleges that the arresting officer forcibly removed him from a police cruiser, causing injuries to his knee, shoulder, and forearm. *Id.* at 2-3. Police officials booked plaintiff into the Washoe County Sheriff's Detention Facility. *Id.* at 3. Plaintiff alleges that defendant Gomez, the "intake" deputy, and defendant Jane Doe #1, the booking nurse, denied medical care for his injuries. *Id.* One day later, plaintiff was admitted to the infirmary where defendant Jane Doe #2, the attending physician, allegedly refused to offer x-rays or magnetic resonance imaging (MRIs) of plaintiff's injuries and only offered over-the-counter pain medication. *Id.* Plaintiff remained at Washoe County Sheriff's Detention Facility from January 6, 2007, to March 8, 2007. *Id.* at 5. Until February 23, 2007, plaintiff alleges that his repeated requests for treatment went unheeded. *Id.* On that date, plaintiff received x-rays and a MRI, revealing that he had injuries to his knee, shoulder, and forearm. *Id.* Plaintiff alleges that defendant Singletary "promised" that plaintiff's transfer to prison would be postponed in order to treat his medical necessities. *Id.* On March 9, 2007, prison officials transferred plaintiff to state prison and did not provide treatment. *Id.*

On January 6, 2009, plaintiff filed his application to proceed *in forma pauperis* with his original complaint attached. Pursuant to 28 U.S.C. § 1915, the court screened the complaint, dismissed certain claims, and granted plaintiff leave to amend the complaint (#4). The amended complaint was due on June 27, 2009. *Id.* Plaintiff filed an amended complaint on June 26, 2009

1  (#6). Several named defendants subsequently filed motions to dismiss (#15, 23, 25, 26).

2  On February 26, 2010, the court issued a Report and Recommendation granting defendants'
3  motions to dismiss (#36). Additionally, the Report and Recommendation dismissed with prejudice
4  defendants Gomez, Singletary, John Doe, Jane Doe #1, Jane Doe #2, the Sparks Police Department,
5  and Washoe County Sheriff's Detention Facility, but granted plaintiff leave to amend his complaint
6  to include proper defendants and provided guidance regarding municipal liability. Specifically, the
7  court explained that allegations regarding municipal liability must be supported by factual content.
8  Plaintiff subsequently filed objections to the Report and Recommendation (#37, #48) and defendants
9  responded (#47, 49, 50, 51). The district court affirmed the Report and Recommendation (#54).
10 Plaintiff appealed to the Ninth Circuit; however, the appeal was dismissed for lack of jurisdiction
11 (#76).

12 On July 14, 2010, the court granted plaintiff a fourteen-day extension of time to file an
13 amended complaint (#67). The amended complaint and instant motions followed. The court
14 addresses the threshold issue in the case, which is the adequacy of plaintiff's amended complaint.

15 The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff
16 appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit
17 of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also*
18 *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

19 **II. DISCUSSION & ANALYSIS**

20 **A.  Discussion**

21 Federal Rule of Civil Procedure 8 outlines pleading requirements. The rule provides that in
22 order to state a claim for relief, a pleading must contain a jurisdictional statement, a "short and plain
23 statement of the claim," and a demand for relief. Fed. R. Civ. P. 8(a). Additionally, "allegations
24 must be simple, concise, and direct." *Id.* at 8(d). Allegations must be supported by factual content.
25 *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950-51 (2009). A complaint must contain more than "formulaic
26 recitation of the elements" of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
27 (2007).

28 Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings with

1   the court's leave, which is typically provided by the court's dismissal of a claim or named party
2   *without* prejudice or when the court explicitly grants leave to amend.  "Leave to amend should be
3   granted if it appears at all possible that the plaintiff can correct the defect."  *Balistreri v. Pacifica*
4   *Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990).  The court's local rule provides the authority for
5   and the procedure by which parties file amended pleadings.  *See* LR 15-1(b) ("After the court has
6   filed its order granting permission to amend, the moving party shall file and serve the amended
7   pleading.").  The local rule further provides that "[t]he moving party shall attach the proposed
8   amended pleading to any motion to amend."  *Id.* at LR 15-1(a).

9   In contrast, when a court dismisses a claim or party *with* prejudice, it is not permissible to
10  submit an amended complaint alleging the same claims or violations by the same parties the court
11  previously dismissed.  *See Smith v. Lemon*, 442 F.2d 1195, 1195 (9th Cir. 1971) (per curiam).  In
12  other words, the court will bar subsequent action for the same relief or against the same parties as
13  res judicata.  *Id.*

14  **B.     Analysis**

15  Plaintiff's lengthy complaints and numerous motions present considerable difficulty for the
16  court.  To proceed with this case efficiently and effectively, the court must first determine whether
17  plaintiff's amended complaint complies with the Federal Rules of Civil Procedure and Local Rules.

18  **1.     Previously Dismissed Defendants**

19  On July 14, 2010, the court granted plaintiff fourteen days to file an amended complaint in
20  order to name appropriate defendants and allege facts corresponding to the alleged violations
21  committed by these parties (#67).  Plaintiff did not file his amended complaint until July 30, 2010,
22  missing the fourteen day deadline by two days.[1]  Additionally, plaintiff simply filed his amended
23  complaint with the court, absent a motion requesting leave to amend as required by Local Rule 15-
24  1(a).  The court will excuse these violations as the plaintiff is proceeding *pro se*.

25  ─────────────────
26  [1]     As the court noted previously, plaintiff filed two additional amended complaints (#80, 86).
    Plaintiff requested the court to treat his motion to amend (#80) as opposition to defendant Juan Gomez's
27  motion to dismiss (#79).  The court deems the August 30, 2010 amended complaint (#73) the operative
    pleading and strikes plaintiff's September 14, 2010 amended complaint (#86).  The court construes plaintiff's
28  August 24, 2010 motion to amend (#80) as an opposition to defendant Juan Gomez's motion to dismiss (#79).

4

Aside from these excused infractions, plaintiff's complaints suffer from several other deficiencies the court cannot allow. Most importantly, while plaintiff's amended complaints name the City of Sparks and Washoe County as defendants in the caption, the body of the complaint names as defendants Jane Doe #1, Deputy Juan Gomez, Jane Doe #2, and Gail Singletary (#73). However, the court previously dismissed *with* prejudice defendants Gomez, Singletary, John Doe, Jane Doe #1, Jane Doe #2, the Sparks Police Department, and Washoe County Sheriff's Detention Facility (#54). Additionally, the Ninth Circuit Court of Appeals dismissed plaintiff's appeal challenging the ruling (#76); therefore, the court's order is controlling and plaintiff may not include these defendants in his complaint. Plaintiff may not simply alter the caption of the complaint to omit these parties. The body of the complaint may not include these individuals or entities as defendants, and the complaint should not allege violations by these parties, as the plaintiff is barred by res judicata from seeking relief for the dismissed parties' conduct. In order to proceed with this case, plaintiff must file a complaint that does not include as defendants, either in the caption or in the body of the complaint, parties previously dismissed with prejudice.

### 2.   Municipal Liability and Pleading Requirements

First, as explained in the court's Report and Recommendation, claims against municipalities must include facts that demonstrate that the municipality itself caused a constitutional deprivation (#36, p. 8). The court encouraged plaintiff to "include factual content to support his allegations" against the municipality, not simply assertions that individual defendants' conduct conformed to official policy. *Id.* at 8-9. Second, the court also set forth the legal standard for a motion to dismiss. *Id.* at 3. To briefly restate the standard here, facts alleged by the plaintiff, when accepted as true, must plausibly suggest a claim that entitles the plaintiff to relief. *Id.* (*citing Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)). Taken together, these rules mean that plaintiff's amended complaint must allege facts sufficient to plausibly demonstrate that a municipality's policies or procedures caused deprivation of plaintiff's constitutional rights. Plaintiff's current complaint fails to include facts that plausibly show that the City of Sparks or Washoe County employ policies that promote or ignore excessive force or discrimination.

Plaintiff includes several observations regarding the grievance forms used by the City of

1   Sparks and Washoe County (#73, p. 49-50).  However, these observations, even if true, do not
2   plausibly state a claim against the City or County for either excessive force or discrimination.  For
3   example, plaintiff notes that "the form on which complaints against officers must be set out warns
4   potential complainers that it is a violation of law to make a false complaint, but there is no similar
5   inscription on the form used for non-police complaints." *Id.* at 49.  Even if this allegation is true,
6   it is not plausible to suggest that this form indicates a policy or practice of excessive force by the
7   police or that such a policy results in discrimination against communities of color.  In other words,
8   this fact does not state a claim.

9         Further, rather than allege facts regarding discriminatory policies and practices by the City
10  of Sparks and Washoe County, plaintiff suggests that because he is a man of African American and
11  Hawaiian descent against whom the police allegedly used excessive force and failed to provide
12  adequate medical care, the department discriminates against inmates of color as a matter of course
13  (#73, p. 3).  To support this notion, plaintiff filed a motion to order the City of Sparks and Washoe
14  County to engage in an analysis of the discriminatory impact of its policies (#68), which plaintiff
15  likely believes will produce the needed facts to substantiate his claims that the City and County
16  violated his equal protection rights and routinely engage in discriminatory conduct.[2]  Plaintiff also
17  included a request for the proposed study in his amended complaint (#73, p. 62).

18        Plaintiff misunderstands the requirements for pleadings under the Federal Rules of Civil
19  Procedure.  Given that the gravamen of plaintiff's complaint is that the City of Sparks and County
20  of Washoe have policies and procedures that promote or permit excessive force against minorities,
21  the complaint should allege facts that point to such policies and procedures.  It is not sufficient to
22  suggest that such facts will be uncovered in later research, nor will the court accept conclusory
23  statements that the conduct plaintiff complains of could only occur if such policies existed.  In order
24  to proceed in this case, plaintiff must file a complaint that alleges facts sufficient to state a plausible
25  claim against appropriate defendants.

26        The court warns plaintiff that his amended complaint is not a legal brief.  Plaintiff should not

---

[2] Such a motion ordering the City of Sparks to engage in research and analysis is not within the court's function.

6

include points and authorities with his complaint, but instead should focus on providing facts that help to establish conduct and policies by appropriate defendants that are arguably unconstitutional. Additionally, plaintiff's cause is not advanced by filing lengthy, complicated pleadings. The court advises plaintiff to provide a short, concise statement of the facts and not another seventy page filing. Finally, plaintiff must wait for the court to screen his amended complaint before he may proceed with this litigation.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff's amended complaint (#73) is **DENIED** with leave to file a second amended complaint. Plaintiff is advised that the court will not proceed until there is an amended complaint on file that comports with this order. After plaintiff files a second amended complaint according to the guidance provided in this order, he must wait until the amended complaint is screened and the court determines how the case will proceed. Any additional motions filed by plaintiff during the time it takes the court to screen the amended complaint will be stricken or denied. The court requests that the plaintiff provide an amended complaint that is "simple, concise, and direct." Fed. R. Civ. P. 8. To assist plaintiff in that goal, the court has supplied a civil rights complaint form used by similarly situated *pro se* litigants. The court urges plaintiff to use this form for his second amended complaint and encourages plaintiff to focus on providing a brief presentation of the relevant facts.

**IT IS THEREFORE ORDERED** that plaintiff's amended complaint (#73) is **DENIED** with leave to amend according to this ruling. The Clerk shall send to plaintiff a blank form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is advised that pursuant to Local Rule 15-1, the amended complaint shall be complete in itself without reference to the previous complaint. Plaintiff shall write the word "second amended" above the title "civil rights complaint" on the form.

**IT IS FURTHER ORDERED** that plaintiff is **GRANTED** thirty (30) days from the date of entry of this order within which to file a second amended complaint remedying, if possible, the defects in the first amended complaints explained above.

**IT IS FURTHER ORDERED** that plaintiff's additional amended complaint (#86) is stricken.

1  **IT IS FURTHER ORDERED** that plaintiff's remaining motions (#68, 71, 72, 75, 80) are
2  **DENIED** as moot.
3  **IT IS FURTHER ORDERED** that defendants' motions (#77, 79) are **DENIED** as moot.
4  **DATED**:   October 13, 2010.

*Valerie P. Cooke*

**UNITED STATES MAGISTRATE JUDGE**